# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLIE MENDOZA, individually, and on behalf of all others similarly situated,<br><br>            Plaintiff<br><br>vs.<br><br>BEAR STEARNS RESIDENTIAL MORTGAGE CORPORATION, ECC CAPITAL CORPORATION and DOES 2 through 20, inclusive,<br><br>            Defendants. | CASE NO. **2:08-cv-06916-JHN-CWx**<br><br>ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT WITH DEFENDANT BEAR STEARNS RESIDENTIAL MORTGAGE CORPORATION AND MOTION FOR ATTORNEY'S FEES, COSTS AND REPRESENTATIVE ENHANCEMENT |

The following matters came regularly as scheduled for hearing on September 13, 2010: (1) Plaintiff's Motion for Final Approval of Class Action Settlement with Defendant Bear Stearns Residential Mortgage Corporation (Docket No. 76); and (2) Plaintiff's Motion for Attorney's Fees, Costs and Representative Enhancement (Docket No. 81). Both Motions are unopposed. Upon consideration of the Motions, evidence filed in support thereof, and arguments of counsel at hearing, the Court now finds and orders as follows:

1. For purposes of this Order, the Court adopts all defined terms as set forth in the Joint Stipulation of Class Action Settlement and Release (Exhibit A to the Declaration of J. Kirk Donnelly, Docket No. 46; hereafter the "Stipulation of Settlement");

2. This Court has jurisdiction over the subject matter of this litigation and over all parties and Class Members to this litigation;

3. The Court finds that the "Notice of Pendency of Class Action, Proposed Settlement and Hearing Date for Court Approval" was duly mailed to the members of the Class as required by the Stipulation of Settlement. These steps to notify the Class about the Settlement constituted the best notice practicable under the circumstances and fully met the requirements of due process;

4. The Court finds that no member of the Class has objected to the Settlement or to the proposed awards of attorney's fees, costs or the representative enhancement;

5. The Court finds that the Settlement was the product of good faith, arm's-length negotiations between experienced counsel, facilitated by a well-respected mediator. After considering the Defendant's potential exposure, the likelihood of success on the class claims, the risk, expense, complexity and delay associated with further litigation, the risk of maintaining class certification through trial, the experience and views of Class Counsel, and the reaction of the Class to the

1  Settlement (see <u>Hanlon v. Chrysler Corporation</u>, 150 F.3d 1011, 1026 (9th Cir.
2  1998)), the Court finds that the Settlement is fair, reasonable and in the best
3  interests of the Class, and hereby GRANTS final approval of the Settlement. The
4  parties are ordered to carry out the Settlement as provided for in the Stipulation of
5  Settlement;

6      6.    Concurrently with the motion for final approval of the Settlement,
7  Plaintiff has moved for attorney's fees equal to 25% of the total settlement fund, or
8  $168,750, plus litigation costs in the amount of $2,677.85. That motion is
9  GRANTED. The Court finds that Class Counsel has skillfully advanced the
10 litigation in the face of uncertain legal authority and disputed factual issues on a
11 contingent basis, and that Class Counsel's efforts resulted in a substantial payment
12 to the Class. The Court has carefully considered the results achieved by Class
13 Counsel, the risks of litigation, the skill required and the quality of the work, the
14 contingent nature of the fee, the timeliness of the Settlement, and awards made in
15 similar cases. Additionally, the Court notes that the "bench mark" fee in the Ninth
16 Circuit in class actions is 25%. <u>Paul, Johnson, Alston & Hunt v. Graulty</u>, 886 F.2d
17 268, 272 (9th Cir. 1989). The Court finds further that Class Counsel's expenses
18 were reasonably incurred in prosecuting the case. In addition, the request for an
19 enhancement payment of $5,000 to Plaintiff and Class Representative Allie
20 Mendoza is granted. The Court finds that the enhancement payment is reasonable
21 in light of the services she performed, the benefit she helped secure for the Class,
22 and the risks she undertook in bringing the litigation. The Court further approves
23 payment of $7,500 to the Claims Administrator, Simpluris, Inc., for services
24 rendered and to be rendered in administering the Settlement;

25      7.    The Court will retain jurisdiction for purposes of enforcing this
26 Settlement, addressing Settlement administration matters, and addressing such post-
27 judgment matters as may be appropriate under court rules or applicable law.
28      IT IS SO ORDERED.

1
2
3     Dated:  September 14, 2010        _____
4                                       United States District Judge
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28